UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| JAMES ANTHONY DAVIS,  )<br>           )<br>          Plaintiff,   )<br>           )        2:13-cv-02104-RCJ-VCF<br>      vs.       )<br>           )<br>EQUIFAX,        )        **ORDER**<br>           )<br>          Defendant.   )<br>           ) | |

    Plaintiff James Anthony Davis sued Defendant Equifax *in pro se* in state court pursuant to 42 U.S.C. § 1983 for failing to correct errors on Plaintiff's credit report. (*See* Compl. 2–3, Oct. 14, 2013, ECF No. 1-1, at 6). Defendant removed and has now moved to dismiss for failure to state a claim because Plaintiff has not alleged that Equifax is a state actor subject to suit pursuant to § 1983. The Court agrees, and Plaintiff has not responded.

    Although there is the possibility of a notice failure in the present case, the Court finds that the possibility is low, and there is no explicit or implicit indication of any notice failure in the record. The docket indicates that an AO 85 Form mailed to Plaintiff has been returned as undeliverable at the Lovelock Correctional Center ("LCC") address that Plaintiff gave in his Complaint. The envelope attached indicates that the prison staff at LCC attempted to forward that piece of mail to Plaintiff at High Desert State Prison ("HDSP"), but the Post Office thereafter marked the envelope with the typed words "RETURN TO SENDER REFUSED UNABLE TO FORWARD," which seems to indicate that the staff at HDSP refused to accept the forwarded piece of mail. However, there is no indication that the present motion and attendant

*Eikenberry* notice were not properly delivered. The present Motion itself, like the Notice of Removal, includes a certificate of service indicating mailing to Plaintiff's new address at HDSP, which address is confirmed by the Nevada Department of Corrections's public website. Although the docket indicates that the *Eikenberry* notice attendant to the present Motion was mailed to the LCC address Plaintiff gave in his Complaint, unlike the AO 85 Form, there is no explicit indication in the record that the *Eikenberry* notice was not properly forwarded as a matter of course. Nor is there any reasonable implication of a failure of delivery under the present circumstances. The Clerk received the undeliverability notice as to the AO 85 Form eleven days after mailing it. As of this writing, it has been nineteen days since the Clerk mailed the *Eikenberry* notice, and there is no undeliverability notice as to the *Eikenberry* notice in the record. In any case, Plaintiff is responsible for maintaining a current address with the Court.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 4) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 10th day of January, 2014.

_____
ROBERT C. JONES
United States District Judge